# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| COREY D. LYONS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:16 CV 113 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This case was previously stayed pending decisions by the Supreme Court in several cases involving the definition of "crime of violence." Ultimately, after the ruling in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), appointed counsel was allowed to withdraw and the case was administratively closed with leave for movant to file a pro se motion to reopen if he believed he was entitled to relief.

Movant Corey Lyons filed a motion to reopen and later filed another motion to stay, this time asking the Court to withhold ruling pending the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019). That case has now been decided and nothing in it or in the other cases provides any basis for relief for Lyons because the use of force is an element of bank robbery.

Corey Lyons pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a) and one count of carrying a firearm in furtherance of a crime of

violence in violation of 18 U.S.C. § 924(c). I sentenced him on May 10, 2005 to 180 months for the bank robbery and a consecutive sentence of 84 months for brandishing the firearm. Case No. 1:04CR45 CDP. The Eighth Circuit affirmed the sentence. *United States v. Lyons,* 450 F.3d 834 (8th Cir. 2006).

After the Supreme Court decided *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 136 S.Ct. 1257 (2016), Lyons filed this motion seeking to vacate, correct or set aside his conviction and sentence under 28 U.S.C. § 2255. He argues that 18 U.S.C. § 924(c) is unconstitutionally vague.

In *Davis* the Supreme Court held that the "residual" clause of § 924(c) was unconstitutionally vague. The Court described the statutory definitions:

> The statute proceeds to define the term "crime of violence" in two subparts—the first known as the elements clause, and the second the residual clause. According to § 924(c)(3), a crime of violence is "an offense that is a felony" and
> 
> "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> 
> "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

139 S.Ct. at 2324. Following the earlier cases, the Court went on to hold the residual clause unconstitutionally vague, but that holding did not affect the "elements" clause, which is also referred to as the "force" clause.

None of these cases provides any basis for Lyons to obtain relief, because an

element of bank robbery is the use of force or violence. Thus, bank robbery is covered by the elements/force clause, and has not been affected by the cases involving the residual clause definition. Bank robbery is a crime of violence under the statutory definitions. *See Estell v. United States*, 924 F.3d 1291 (8th Cir. 2019).

I will grant Lyon's motion to reopen the case but will deny relief, because Lyons' conviction was not affected by any of the recent caselaw discussing the residual clause definitions of "crimes of violence."

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to reopen case [14] is granted, and his motions to vacate, set aside or correct sentence [1, 3] under 28 U.S.C. § 2255 are DENIED.

**IT IS FURTHER ORDERED** that movant's motion to stay [15] is denied as moot.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability under 28 U.S.C. § 2253.

A separate judgment in accord with this Memorandum and Order is entered this same date.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of December, 2019.